IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                   Cr. No. 00-1164 JP

JAIME SILVA-BORREGO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    On October 26, 2000, the Defendant filed a Motion to Dismiss (Doc. No. 21). After a careful review of the briefs and the relevant law, and following a hearing on December 20, 2000, during which the parties had the opportunity to present their arguments on the motion to dismiss, I have determined that Defendant's motion to dismiss should be denied.

I. Background

    On August 25, 2000, the Grand Jury indicted the Defendant for reentry of a deported alien previously convicted of an aggravated felony, namely false imprisonment. The State of New Mexico charged the Defendant with false imprisonment. A state district judge entered a conditional discharge for the false imprisonment charge and placed the Defendant on probation. As a result of the conditional discharge, an adjudication of guilt was not entered as the final judgment. The Defendant, however, later violated his probation and was sentenced to two years of incarceration.

II. Discussion

    The Defendant makes two arguments in favor of dismissal of the indictment. First, the Defendant argues that the crime of false imprisonment is not an aggravated felony. Second, the

Defendant argues that because he was not adjudicated guilty under state law, i.e., "convicted," he cannot be deported on the basis of a prior aggravated felony conviction.

    1.  Is the Crime of False Imprisonment an Aggravated Felony?

The definition of aggravated felony is found at 8 U.S.C. §1101(a)(43)(F). Section 1101(a)(43)(F) states that an aggravated felony is a crime of violence as described in 18 U.S.C. §16. Section 16 states that a crime of violence is

> (a) an offense that has as an element, the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The relevant question in this case is whether the crime of false imprisonment "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." In discussing New Mexico's crime of false imprisonment, the Tenth Circuit recently held that "there is a substantial risk of physical force being used when a crime involves the non-consensual act of false imprisonment." *United States v. Zamora*, 222 F.3d 756, 764 (10th Cir. 2000). This holding supports the conclusion that the crime of false imprisonment is a crime of violence and so meets the definition for an aggravated felony.

    2.  Is a Conditional Discharge a "Conviction" for Immigration Purposes?

In New Mexico, a court may enter a conditional discharge order without entering an adjudication of guilt and by placing the person on probation. NMSA 1978, §31-20-13(A) (1993). "If the person violates any of the conditions of probation, the court may enter an adjudication of guilt and proceed as otherwise provided by law." *Id*. at §31-20-13(B). New Mexico's conditional discharge statute is known as a "deferred adjudication" statute. *See Lujan-*

2

*Armendariz v. I.N.S.*, 222 F.3d 728, 740 n.21 (9th Cir. 2000).

       8 U.S.C. §1101(a)(48)(A) defines "conviction" under the immigration laws as follows:

> The term "conviction" means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where--
> (i) a judge or jury has found the alien guilty or the alien has entered a plea of guilty or nolo contendere or has admitted sufficient facts to warrant a finding of guilt, and
> (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed.

Congress intended that for immigration purposes "a conviction occurs prior to the time the probationary period begins in cases processed under state deferred adjudication laws, regardless of whether the state statute requires further proceedings prior to the formal entry of a judgment of conviction in the event of a probation violation." *Lujan-Armendariz*, 222 F.3d at 742. Since the probationary period in this case began under the conditional discharge order, a conviction has occurred for immigration purposes regardless of whether the Defendant's probation was later revoked. Consequently, the Defendant can be deported for having been convicted of the aggravated felony of false imprisonment.

       IT IS ORDERED that Defendant's Motion to Dismiss (Doc. No. 21) is denied.

                                              */s/ James A. Parker*
                                     CHIEF UNITED STATES DISTRICT JUDGE